**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**
**CIVIL CASE NO: 10-49-SSB-TSH**


**VINCENT JONES,**                                   **PETITIONER,**

**V.**

**DEB TIMMERMAN-COOPER,**
**WARDEN, LONDON CORRECTIONAL**
**INSTITUTION,**                                 **RESPONDENT.**


**REPORT AND RECOMMENDATION[1] THAT THIS PETITION FOR A WRIT OF**
**HABEAS CORPUS BE DENIED AND**
**DISMISSED WITH PREJUDICE AS TIME-BARRED.**

On January 27, 2010, Petitioner Vincent Jones, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 30, 2010, the Respondent filed a return of the writ, urging denial of the petition as time-barred. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Background**

Petitioner was convicted following a jury trial in state court of one count of rape and one count of sexual battery; the victim was his young teenage daughter. The evidence against petitioner at trial included DNA tests results that showed that Petitioner likely was the father of the victim's infant child. On October 27, 2005, Petitioner was sentenced to consecutive terms of imprisonment of ten years for the rape charge and five years for the sexual battery charge, for a

---

[1] **Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation**

maximum total sentence of fifteen years.  Although the Court of Appeals rejected all other claims on direct appeal, on November 22, 2006 the appellate court agreed that re-sentencing was required in light of a then-recently decided Ohio Supreme Court case, *State v. Foster,* 845 N.E.2d 470 (Ohio 2006).  On March 28, 2007, the Ohio Supreme Court denied Jones leave to further appeal.

On December 21, 2006, while Jones attempted to continue appealing the issues decided adversely to him, the trial court re-sentenced Petitioner as required by the remand from the Court of Appeals.  The trial court imposed the same sentence as it had previously - fifteen years.  On January 24, 2007, Jones filed a pro se notice of appeal of the new sentence.  On January 30, 2007, the Court of Appeals dismissed the appeal as untimely, noting that Jones had failed to file a motion for delayed appeal.  Jones did not further appeal to the Ohio Supreme Court.

A year later on January 31, 2008, Jones filed his first petition for post-conviction relief in state court.  On February 6, 2008, the trial court summarily denied the petition, finding it not well taken.  Doc. 7-3, Exh. 18.  On March 7, 2008, Jones timely appealed the denial of his post-conviction petition.  In its responsive brief, the State argued that the original petition was untimely, as well as without merit.  On November 19, 2008, the Court of Appeals agreed that the post-conviction petition was untimely when filed and did not qualify for any exception that would permit the late filing.  On that basis and without reaching the merits, the appellate court affirmed the trial court's denial of post-conviction relief.  Doc. 7-4, Exh. 22. On December 17, 2008, Jones sought leave to appeal to the Supreme Court of Ohio, but that court denied leave to further appeal on March 25, 2009.

Jones filed four additional post-conviction motions in state court between June 11, 2008 and July 29, 2008.  All four motions were denied by the trial court in August 2008.  On

2

September 11, 2008, Jones sought to appeal the trial court's August 7, 2008 decision, which addressed three of the four post-conviction motions.  The Court of Appeals initially denied the appeal because the notice of appeal was not timely filed under Ohio Appellate Rule 4(A).  Doc. 7-4, Exh. 36.  However, the Court of Appeals subsequently granted Jones leave to file a delayed appeal of the denial of his post-conviction motions.

In response to Jones' assertion of errors in his delayed appeal, the State again argued  that all of the post-conviction motions were untimely when initially filed and therefore, that the trial court was without jurisdiction to consider them.  *Id.,* Exh. 41.  On May 20, 2009, the Court of Appeals agreed, affirming the judgment of the trial court on grounds that the post-conviction motions were untimely filed under state law and not entitled to exceptions that would permit review.

> Jones filed his petitions well after the time prescribed by R.C. 2953.21(A)(2).  He did not demonstrate that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depended.  Nor did he predicate his claims upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired.  Thus, R.C. 2953.23 precluded the common pleas court from entertaining his petitions.

*Id.* at 7-4, pp. 82-83 (Exh. 42).  Jones did not further appeal to the Ohio Supreme Court.

On December 19, 2009, Jones executed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, seeking relief based upon four claims of error.   The Respondent argues that all four claims are time-barred and should not be addressed on the merits.  I agree.

## II.  Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for writ of habeas corpus.  *See* 28 U.S.C. §2244(d).  The statute generally begins to run from "the date on which the [state court] judgment became

final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A).  The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).

   **A. The Date the Federal Limitations Period Began**

   To determine whether the petition is timely, the court must first determine the date on which Jones's conviction "became final by the conclusion of direct review."  Two dates present themselves as possible dates on which petitioner's conviction became final in state court.  The first is the date on which Petitioner's original appeal proceeding was concluded, and the second is the date on which his second appeal (of his sentence on remand) was concluded.  In Petitioner's original direct appeal, the Court of Appeals remanded for re-sentencing but Petitioner continued to appeal.  The Ohio Supreme Court denied further direct review on March 28, 2007.

   During the time he attempted to further appeal to the Ohio Supreme Court, Petitioner was re-sentenced by the trial court.  Even though his original appeal was still pending, he attempted to file a second appeal of his new sentence.   That appeal was rejected as untimely on January 30, 2007.  Petitioner could have appealed that decision to the Ohio Supreme Court within a 45 day period, but chose not to do so.  Therefore, the sentence imposed on remand became "final by the conclusion of direct review or the expiration of the time for seeking such review" on March 17, 2007.  28 U.S.C. §2244(d)(1)(A).

   Because Petitioner's first appeal was concluded later than the second appeal of Petitioner's sentence on remand,  I conclude that the one-year limitations period should run from the conclusion of his original direct appeal.   That date was March 28, 2007, but the clock did not

4

start to run until the expiration of an additional 90-day period during which Petitioner could have filed a petition for writ of certiorari before the United States Supreme Court, or June 28, 2007. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-1084 (2007).  Thus, Petitioner had until June 27, 2008 by which to file his federal petition.  Because he did not file the present petition until (at the earliest) December 19, 2009,[2] the petition is clearly time-barred in the absence of the operation of a tolling provision.

As the Respondent acknowledges, under 28 U.S.C. §2244(d)(1)(D), the start date for the one-year limitations period may be extended for claims if petition includes claims for which "the factual predicate"  could not have been discovered at an earlier time "through the exercise of due diligence."   In other words, even though the clock for the one-year limitations period ordinarily would have begun ticking on June 28, 2007, if Petitioner can show that he could not have discovered his claims until after that date, the one-year period will run from the date that the claims were discovered.

In this case, however, none of the four claims included in this federal petition are based on a "factual predicate" that could not have been discovered prior to June 28, 2007.  For example, two of the claims involve allegations concerning the weight of the evidence and sentencing error. Both claims clearly were discoverable not later than the date of sentencing - and in fact were presented by Petitioner on direct appeal.

---

[2]The petition reflects a certification that Petitioner placed his petition in the prison mail system on 12/19/2009, but it was not docketed in this court until January 27, 2010.  The "prison mailbox rule" operates to render a petition "filed" on the date that it is placed in the prison mail system.  Curiously, the certification date on the petition appears to have been altered.  The month "12" is written over the originally written date (which appears to be a "1") and the year reads "22109," as if petitioner thought it better to change the "2010" to "2009."  As the petition is time-barred regardless of whether the court accepts the filing date of December 19, 2009, the court need not inquire further into the date of mailing.

5

The remaining two claims concern allegations of prosecutorial misconduct.  Although neither claim is fully explained, it appears from recent motions seeking discovery and expansion of the record that Petitioner alleges that the prosecutor withheld exculpatory statements made by his daughter during pretrial discovery.  In addition, Petitioner appears to argue that the prosecutor's "misconduct" was evident through the admission at trial of DNA evidence and a handwritten note by the victim. Although Petitioner alleges in summary fashion that he was not aware of the factual basis for those claims until an unspecified date "after trial," he fails to provide the court with details as to what precisely he discovered after trial, or (importantly) *when* he discovered the new facts.  Nor does Petitioner explain why the claims could not have been earlier discovered through the exercise of due diligence.  Therefore, there exists no basis under 28 U.S.C. §2244(d)(1)(D) to delay the start of the limitations period past June 28, 2007.[3]

**B.  The Date the Federal Limitations Period Expired**

Having defined the start date of the one year clock to be June 28, 2007, the court next must determine the end date of the limitations period.  Logically that date would fall on June 27, 2008.  However, pursuant to 28 U.S.C. §2244(d)(2), the time in which a "properly filed application for State post-conviction or other collateral review" remains pending operates to toll, or extend, the one-year statute.  Not every state post-conviction proceeding will toll the one year period; rather; the state proceeding must be "properly" filed.

State postconviction motions that are rejected by a state court as untimely cannot toll the

_____

[3]Even if Petitioner could persuade a reviewing court that facts underlying his claims of prosecutorial misconduct could not have been discovered prior to January 31, 2008 (the date when he presented the same prosecutorial misconduct claims to the state court), the limitations period would have been only marginally extended to March 2, 2009.  Because this federal petition was not filed until (at the earliest) December 19, 2009, the petition would still be time-barred.

federal statute, because they are not "properly filed." *Allen v. Siebert*, 552 U.S. 3, 7 (2007).

"When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

purposes of §2244(d)(2)," *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *see also Israfil v.*

*Russell*, 276 F.3d 768 (6th Cir. 2001).

The state court record reflects that Jones first sought post-conviction relief by filing a

post-conviction petition on January 31, 2008. Ultimately, relief was denied on the basis that the

petition was untimely when filed in the trial court. Jones subsequently filed four additional pro

se post-conviction motions, between June 11 and July 29, 2008. Those four motions were also

denied. Importantly, the Ohio Court of Appeals expressly affirmed the denial of relief on

grounds that those motions also were untimely filed under state law. Because none of

Petitioner's post-conviction proceedings appear to have been timely under state law, none were

"properly filed" and none tolled the federal statute of limitations.[4]

### III. Additional Bars to Federal Relief

In addition to asserting that this federal petition is time-barred, the Respondent argues

that one of Petitioner's claims is not cognizable under §2254 because it rests exclusively on an

alleged error of state law. The Respondent further argues Petitioner's prosecutorial misconduct

---

[4]The May 20, 2009 decision by the Ohio Court of Appeals held that three of the post-conviction motions were untimely and therefore not "properly filed" under state law. Because Petitioner did not appeal the denial of a fourth post-conviction motion, the Ohio appellate court did not directly address it. The referenced motion was Petitioner's "motion for summary judgment" filed on July 29, 2008 (Doc. 7-4, Exh. 30), which merely sought "summary judgments [sic]" on the three motions that were deemed untimely. The trial court summarily denied the "motion for summary judgment" on August 4, 2008 (*Id.,* Exh. 31). Arguably, the Ohio appellate court's decision implied that this fourth motion also was untimely. However, to the extent that motion could be construed as "properly filed," it tolled the time period only while the motion remained pending - a period of six days. Because Petitioner's federal petition was filed many months beyond the expiration of the federal limitations period, the petition remains untimely even if a six-day tolling period applies.

claims are procedurally defaulted.  Because this petition is so clearly barred by the statute of limitations, and in the interest of judicial economy, the court declines to address Respondent's additional arguments.

### IV.  Conclusion and Recommendation

Without question, this petition is time-barred.  Accordingly, **IT IS RECOMMENDED THAT:**

1.  The petition for writ of habeas corpus [DE #1] be **denied and dismissed with prejudice**;

2.  A certificate of appealability should not issue with respect to any claim alleged in the petition, because no claim for relief states a "viable claim of the denial of a constitutional right" or presents issues that are "adequate to deserve encouragement to proceed further."  *See Slack ,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b);

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis* from any Order adopting the undersigned's Report and Recommendation to deny habeas corpus relief on claims alleged in the petition, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of such Order would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This 5th day of November, 2010.

Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI
## CIVIL CASE NO: 10-49-SSB-TSH

**VINCENT JONES,**                                         **PETITIONER,**

**V.**

**DEB TIMMERMAN-COOPER,**
**WARDEN, LONDON CORRECTIONAL**
**INSTITUTION,**                                         **RESPONDENT.**

## NOTICE

Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).